QUESTION: Must a public agency which contracted for professional consulting services on a particular project prior to the effective date of the Consultants' Competitive Negotiation Act comply with the act in contracting for additional professional services in connection with the design and construction of the project?
SUMMARY: A public agency which contracted for professional architectural, engineering, or land surveying consulting services prior to the effective date of the Consultants' Competitive Negotiation Act, s. 287.055, F.S., must comply with the provisions of that act in negotiating for additional professional services not contemplated by the original consulting contract. However, if the original consulting contract provided for additional professional services by the contracting firm, even though the compensation therefor was not fixed in the original contract, the competitive negotiation provisions of the act are not applicable. The Consultants' Competitive Negotiation Act (CCNA) was adopted in 1973 (Ch. 73-19, Laws of Florida, s.287.055, F.S.) for the purpose of promoting competition among firms supplying professional services to public agencies in three areas (architecture, engineering, and registered land surveying) and requiring negotiation of these professional services contracts with the view of obtaining the most qualified firm for a particular project upon the best terms. Attorney General Opinion 073-216. If the compensation will exceed five thousand dollars, the public agency is required to select and to conduct discussions with no less than three qualified firms and then to negotiate a contract with the most qualified firm for a "fair, competitive and reasonable" compensation. If the contract provides for compensation of over fifty thousand dollars on a lump-sum or cost-plus-fixed-fee basis, the professional firm must execute a truth-in-negotiation certificate, stating that wage rates and other factual unit costs supporting the compensation "are accurate, complete, and current at the time of contracting" and must agree that the contract price shall be adjusted to exclude any "significant sums" by which the contract price was erroneously increased due to "inaccurate, incomplete, or noncurrent wage rates and other factual unit costs." The statute expressly provides that nothing therein "shall affect the validity or effect of any contracts in existence on July 1, 1973." However, I find nothing in the act from which it may be inferred that a modification of an existing contract to include additional professional services is not within the purview of the act. Certainly, if the compensation agreed upon in the amendment to the contract falls within the purview of the truth-in-negotiation provisions of the act, referred to above, compliance with such provisions should be required. And it would seem that a contract for professional services that were not within the contemplation of the original consulting contract should be negotiated in accordance with the requirements of the act, even though the holder of the existing consulting contract would, in some cases, hold a more advantageous position than other competing firms. On the other hand, if an existing contract contemplated and provided for the performance of additional professional services by the contracting firm, even though the compensation therefor was not fixed at the time the original contract was entered into, the existing contract should be given effect according to its terms without regard to the competitive negotiation requirements of the act. This interpretation will carry out the purpose and intent of the act to require competitive negotiation with a view of obtaining the most qualified firm for a particular project at the most reasonable compensation and, at the same time, respect and preserve the obligations of contracts in existence on the effective date of the act, as required by the act.